JAMES BUTLER, INC., Respondent, *v.* WILLIAM JACKSON, Appellant.

Supreme Court, Appellate Term, First Department, February 5, 1926.

**Motor vehicles — damage to property — Highway Law, § 282-e, in effect July 1, 1924, making negligence of operator of motor vehicle other than owner attributable to owner is not retroactive — plaintiff's automobile truck damaged in collision September 24, 1923 — exclusion of testimony showing defendant's automobile was not under his control at time of accident error.**

Section 282-e of the Highway Law, added by chapter 534 of the Laws of 1924, as amended by chapter 167 of the Laws of 1925, in effect July 1, 1924, making the negligence of an operator of a motor vehicle, other than the owner, attributable to the owner when the vehicle is legally used or operated with the permission, express or implied, of the owner, is not retroactive.

Accordingly, it was error for the trial court in an action for damages to plaintiff's automobile truck arising from a collision with defendant's automobile on September 24, 1923, to exclude defendant's testimony that his automobile was not under the control or operation of the defendant, his agents or servants at the time of the accident, but rather that it had been rented to the person driving it at the time of the accident, and that it was not being used for the benefit of defendant or under his direction.

APPEAL by defendant from a judgment of the Municipal Court, Borough of Manhattan, First District, in favor of plaintiff and against the defendant, after a trial before judge and jury.

*James F. Robertson* [*Owen F. Hughes* of counsel], for the appellant.

*John H. Rogan* [*Lilian Herbert Andrews* of counsel], for the respondent.

PER CURIAM. The record herein presents erroneous rulings highly prejudicial to the defendant.

The action is to recover damages for the cost of repairs to plaintiff's autotruck due, as alleged, to defendant's automobile colliding therewith. The main defense interposed to the action was that the automobile in question was not under the control or operation of the defendant or any of his agents or servants at the time of the accident. Defendant repeatedly sought to show, in vain, however, that the automobile was rented by defendant to one Hendrickson, who was driving it at the time of the accident, and that it was not being used at said time for the benefit of defendant or under his direction; but the court ruled out all testimony of this character on the ground of *irrelevancy.*

This is not a case which, as intimated by the trial justice, comes within the provision of section 282-e of the Highway Law (added by Laws of 1924, chap. 534, as amd. by Laws of 1925, chap. 167), which took effect July 1, 1924, making the negligence of an operator of a motor vehicle, other than the owner, attributable to the owner when the car is legally used or operated with the permission, express or implied, of the owner. The amendment is not retroactive and has no application to the accident in question, which occurred on September 24, 1923. We conclude, therefore, that the judgment should be reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, BIJUR, DELEHANTY and WAGNER, JJ.